**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

PAIGE LLOYD-ZEERYP,

        Plaintiff,

Case No. _____

v.

THE GEO GROUP INC.,

        Defendant.

---

| | |
|---|---|
| Victor J. Mastromarco, Jr. (P34564) | Gary C. Ankers (P41599) |
| Kevin J. Kelly (P74546) | Ashley E. Monticciolo (P83378) |
| THE MASTROMARCO FIRM | LITTLER MENDELSON, P.C. |
| 1024 N. Michigan Avenue | 200 Renaissance Center, Suite 3110 |
| Saginaw, Michigan 48602 | Detroit, Michigan 48243 |
| (989) 752-1414 | (313) 446-6400 |
| vmastromarco@mastromarcofirm.com | gankers@littler.com |
| kkelly@mastromarcofirm.com | amonticciolo@littler.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

---

### DEFENDANT'S NOTICE OF REMOVAL

The GEO Group, Inc. (hereinafter referred to as "Defendant"), by its attorneys, Littler Mendelson PC, give notice that the above action is removed from the Circuit Court for the County of Lake, State of Michigan, in which Court said cause is now pending, to the United States District Court for the Western District of Michigan.

IN SUPPORT THEREOF, Defendant states as follows:

1. On or about the 3rd day of November, 2023, an action was commenced against Defendant in the Circuit Court for the County of Lake, State of Michigan entitled ***Paige Lloyd-Zeeryp v. The GEO Group, Inc.*** Case No. 23-10720-CD. Plaintiff served the Summons and Complaint on Defendant on November 10, 2023, and copies are attached hereto as Exhibit 1.

2. The aforesaid documents constitute all process, pleadings and orders served upon Defendant in this action.

3. This action is one of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332 (diversity), and is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is an action of civil nature wherein the alleged value of the claim of Plaintiff is in excess of the amount of $75,000.00, exclusive of interest, costs and attorney fees, and is between citizens of different states, as more fully shown below:

   a. At the time such action was instituted in the Circuit Court for Lake in the State of Michigan, and at the present time, Plaintiff is and has been a citizen of the State of Michigan, as Defendant is informed and believes (Exhibit 1, ¶1).

   b. At the time such action was commenced, and at the present time, Defendant was and is a corporation organized under and existing by virtue of the laws of the State of Florida and is not incorporated in any other state, with its principal place of business in the State of Florida. Defendant is not now, and never has been, a citizen of the State of Michigan.

   c. Plaintiff has alleged claims of discrimination and retaliation based on her pregnancy (Id., ¶23). Plaintiff further alleges that "Plaintiff has suffered and will continue to suffer severe economic and non-economic damages, including, but not limited to, loss of back pay, front pay, and all benefits and pensions, and also suffered emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures" (Id., ¶32).

    d.  Based on Plaintiff's request for damages, Plaintiff is seeking damages exceeding $75,000.

    e.  For these reasons, the damages from the losses claimed, if proven, exceed $75,000.00, exclusive of interest, costs and attorney fees, and therefore from a preponderance of the evidence it is more likely than not that the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees. ***Hayes v. Equitable Energy Res. Co.***, 266 F.3d 560, 572-573 (6th Cir. 2001); *see also* ***Gafford v. General Elec. Co.***, 997 F.2d 150, 155 (6th Cir. 1993), *abrogated in part on other grounds by* ***Hertz Corp. v. Friend***, 559 U.S. 77 (2010).

5.  This Notice of Removal is being filed within thirty (30) days of service upon Defendant.

6.  Pursuant to 28 U.S.C. § 1446(d), true and correct copies of this Notice of Removal have been served upon Plaintiff and Defendant has timely filed a copy of this Notice of Removal with the Clerk of the Lake County Circuit Court.

WHEREFORE, Defendant gives notice of removal of this cause from Lake County Circuit Court to this Court.

Dated: December 7, 2023      */s/ Gary C. Ankers*
                 Gary C. Ankers
                 gankers@littler.com
                 LITTLER MENDELSON, P.C.
                 200 Renaissance Center, Suite 3110
                 Detroit, Michigan 48243
                 Telephone: 313.446.6400
                 Facsimile: 313.446.6405

                 *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on December 7, 2023, via:

| X | U.S. Mail |         | Facsimile |
|---|-----------|---------|-----------|
|   | ECF Filing |        | Hand Delivery |
|   | E-Mail |           | Federal Express |

*/s/ Gary C. Ankers*
Gary C. Ankers

# EXHIBIT 1

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>27th  JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY | **SUMMONS** | | **CASE NO.**<br>23-**10720-CD** |

**Court address**
800 E. 10th Street, Suite #300, Baldwin, Michigan 49304

**Court telephone no.**
(231) 745-4614

| Plaintiff's name, address, and telephone no.<br>PAIGE LLOYD-ZEERYP | v | Defendant's name, address, and telephone no.<br>THE GEO GROUP INC. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>THE MASTROMARCO FIRM<br>VICTOR J. MASTROMARCO, JR. (P34564)<br>KEVIN J. KELLY (P74546)<br>1024 N. MICHIGAN AVE.<br>SAGINAW, MI 48602 (989)-752-1414 | | RESIDENT AGENT<br>CORPORATE CREATIONS NETWORK INC.<br>228175 HAGGERTY ROAD<br>NOVI, M 48377 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.  **SUMMONS**

LAKE COUNTY
NOV 03 2023
TRIAL COURT

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 11/3/23 | 2/2/24 | Samantha Hypell |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons (3/23)　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 23-10720-CD

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served　☐ personally　☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee (copy of return receipt attached)　a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____
Attachments (if any)　　　　　　　　　　　　　　　　　Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LAKE

PAIGE LLOYD-ZEERYP

Plaintiff,

Case No. 23- 10720-CD

Hon. David Glancy

v.

THE GEO GROUP INC.,

Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

LAKE COUNTY

NOV 03 2023

TRIAL COURT

There is no other pending or resolved civil action arising out
of the transactions or occurrences alleged in this Complaint.

### PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, PAIGE LLOYD-ZEERYP, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, THE GEO GROUP INC., stating as follows:

### COMMON ALLEGATIONS

1. That at all times as material hereto, Plaintiff is a resident of the County of Cadillac, State of Michigan and is otherwise domiciled in the State of Michigan.

2. That at all times as material hereto, the Defendant "The GEO Group, INC," is a foreign corporation does business as GEO Northlake Correctional Facility in Baldwin, Michigan. (Northlake Correctional Facility is a privately owned medium- and maximum-security prison for men located in Baldwin, Lake County, Michigan, operated by GEO Group under contract for the Michigan Department of Corrections).

3. That Plaintiff began working for the Defendant, GEO Group, INC. (hereinafter referred to as GEO) on May 11, 2020, as a correctional officer and continued to work for GEO until she was terminated on February 1, 2021.

4. That Plaintiff had a 90-day performance review in August of 2020 and only received excellent to outstanding reviews in all categories.

5. That Plaintiff's problems began when she became pregnant in October of 2020

6. That Plaintiff informed her shift Lieutenant, Matthew Newcomb, of her pregnancy in early January of 2021.

7. That Plaintiff only received write ups after her pregnancy was announced and a majority of the write ups included vague violations such as "out of area' and "abandoning post."

8. That in January of 2021 Plaintiff was written up for "abandoning post" when her unit was under maintenance and cleaning. The cleaning included waxing floors which created fumes that made it difficult to breathe. Plaintiff had Juan Morales cover her post while Plaintiff went outside to get fresh air. While away, Plaintiff's coworkers noticed she was red in the face and had difficulty breathing. Plaintiff's coworker, Edward Gradkowski, suggested that Plaintiff swap positions with Jared Renshaw while Plaintiff's unit was being waxed.

LAKE COUNTY
NOV 0 3 2023
TRIAL COURT

9. That Plaintiff informed Lieutenant Newcomb of the situation above and asked to be switched, but Lieutenant Newcomb denied her request and wrote her up for being outside and "abandoning her post" despite her post being covered.

10. That GEO was understaffed and required Plaintiff to work 60-90 hours a week which caused Plaintiff to have an irregular sleep schedule with an average of 4 hours per night.

11. That Plaintiff had an OB checkup at Cadillac OBGYN and the doctor was concerned for Plaintiff's and baby's health due to Plaintiff's high blood pressure and what seemed to be early term preeclampsia.

12. That the Doctor inquired about Plaintiff's sleep activity and after learning about her irregular sleep schedule and lack of recommended sleep, Plaintiff's doctor gave her a doctor's note stating Plaintiff should only work 40 hours a week and have lifting restrictions of 20-40 pounds.

13. That on February 1, 2020, Plaintiff handed Lieutenant Newcomb and AFA Ball the doctors note.

14. That after being handed the doctors note, AFA Ball said "this will not fly, you will be speaking with the warden by the end of the day."

15. That AFA Ball followed through on her threat and Plaintiff was required to speak to Warden Tracy Johns that day.

16. That Plaintiff handed Warden Johns the doctors note and explained she is not to work more than 40 hours a week due to her qualifying as a high-risk pregnancy with early term preeclampsia.

17. That Warden Tracy Johns accused Plaintiff of "strong arming" her doctor into writing this note for hour reductions.

LAKE COUNTY
NOV 0 3 2023
TRIAL COURT

18. That in fact, Warden Tracy Johns did specifically engage in direct evidence of discrimination when he told Plaintiff that she did not care about the facility because she was "lazy and selfish" and that at any other facility this behavior would never fly by using a pregnancy as a "crutch" and an excuse to "not have to pull your weight."

19. That Warden Tracy Johns went on and said Plaintiff would be monitored by all coworkers at her post and they would report back to him anytime Plaintiff went anywhere and how many times a day; including going to the bathroom, dining room, or getting any food or drink.

20. That Plaintiff expressly told Warden Tracy Johns that it is not fair to monitor her activity and scrutinize her because she is experiencing frequent urination, nausea, or other symptoms due to her pregnancy.

21. That Warden Tracy Johns again, said he would not be abiding by Plaintiff's doctor note because Plaintiff forced her doctor into writing said note.

22. That Warden Tracy Johns terminated Plaintiff's employment on the spot, stripped Plaintiff of title as Officer, confiscated all of GEOs property including Plaintiff's credentials, and escorted Plaintiff out of unit to retrieve her belongings.

23. That such statements are direct evidence of discrimination and in addition show retaliation and hostility toward the Plaintiff for her pregnancy.

24. That Defendant's actions constitute relations in violation of the Elliot-Larsen Civil Rights Act.

25. That the amount in controversy exceeds the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of costs, interest, and attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in

LAKE COUNTY
NOV 0 3 2023
TRIAL COURT

addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I- PREGNANCY DISCRIMINATION

26. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 25 of her Common Allegations, word for word and paragraph for paragraph, as if fully reinstated herein.

27. That in fact the Defendants did affect a term, condition, and privilege of employment because of Plaintiff's pregnancy.

28. That in fact, Warden Tracy Johns, did specifically engage in 'direct evidence' of discrimination when he told Plaintiff that she was using her pregnancy as a crutch to not pull Plaintiff's weight.

29. That such statements show a direct hostility toward Plaintiff's pregnancy.

30. That such statements are direct evidence of discrimination.

31. That Defendant's actions constitute retaliation in violation of the Elliot-Larsen Civil Rights Act.

32. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer severe economic and non-economic damages, including, but not limited to, loss of back pay, front pay, and all benefits and pensions, and also has suffered emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

33. That Plaintiff hereby claims the costs of the litigation, including reasonable attorney fees and witness fees, pursuant to MCL § 37.2801 and 37.2802.

LAKE COUNTY
NOV 03 2023
TRIAL COURT

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: November 2, 2023    By: /s/

VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com

LAKE COUNTY
NOV 03 2023
TRIAL COURT

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LAKE

PAIGE LLOYD-ZEERYP

Plaintiff,

Case No. 23-

Hon.

v.

THE GEO GROUP INC.,

Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

## DEMAND FOR A TRIAL BY JURY

NOW COMES Plaintiff, PAIGE LLOYD-ZEERYP, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: November 2, 2023        By: _____
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue

LAKE COUNTY
NOV 03 2023
TRIAL COURT

Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

```
                    LAKE COUNTY TRIAL COURT
                    800 TENTH ST. STE 300
                     BALDWIN, MI 49304
                       231-745-4614
```

| | | | | |
|---|---|---|---|---|
| Receipt #: | 6292 | | CIR COURT F/FEE | 31.00 |
| Receipt Date: | 11/0323 | | CCFILING FEE S3 | 119.00 |
| Method: | CHECK | | ELEC CIRCUIT | 25.00 |
| Check #: | 4055 | Clerk: SAMJOY | JURY DEMAND COU | 60.00 |
| | | | JUROR COM STATE | 25.00 |
| Payor: | THE MASTROMARCO FIRM | | Total Payment | 260.00 |
| Plaintiff: | PAIGE LLOYD ZEERYP | | | |
| Defendant: | THE GEO GROUP INC | | | |
| Case #: | 23-    10720-CD -1 | | | |